

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2004

# Kearns v. Essex Source Realty

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kearns v. Essex Source Realty" (2004). *2004 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3586
_____

JILL B. KEARNS; RICHARD E. KEARNS

v.

ESSEX SOURCE REALTY GROUP, LLC; ANTON F. KUPPECK LANDSCAPING,
INC.; EDUCATIONAL TESTING SERVICE; JOHN DOE, (Nos. 1-5); JANE ROE,
(Nos. 1-5), unknown servants, agents, employees, corporation, partnerships, or company
of known defendants

v.

ESSEX SOURCE REALTY GROUP, LLC,

Third-party plaintiff

EDUCATIONAL TESTING SERVICE; FEDERAL INSURANCE COMPANY;

Third-party defendants

Federal Insurance Company,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

District Court Judge: The Honorable Mary L. Cooper
(D.C. No. 00-cv-03784)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2004

FUENTES, Circuit Judge:

This case involves a dispute between two insurers over the priority of coverage under their respective policies.[1] In August 1998, Jill Kearns, an employee of Educational Testing Service ("ETS"), fell as she was leaving work and sustained serious injuries. Kearns brought a negligence suit against ETS; Appellee Essex Source Realty Group ("Essex"), the lessor of ETS's office space; and Anton Kuppeck Landscaping ("Anton"), who provided landscaping for the building. Essex filed a third-party complaint against Appellant Vigilant Insurance Company ("Vigilant"), ETS's insurer, seeking coverage as an "additional insured" for any damages owed by Essex to Kearns. Kearns's action was subsequently settled for $100,000, of which Essex paid $87,500 and Anton the remaining $12,500. Vigilant and Travelers Property Casualty Company ("Travelers"), Essex's insurer, split the $87,500 cost, each

* Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[1] This case falls within the subject matter jurisdiction of the federal courts under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

reserving the right to sue the other for full contribution. In October 2001, Vigilant and Travelers each filed a motion seeking to place responsibility for the full $87,500 cost with the other insurer, based on interpretation of their insurance policies' respective "Other Insurance" clauses. The District Court ruled that Vigilant's coverage had priority over Travelers', meaning that Vigilant was primarily liable for the $87,500 and Travelers' was only liable for any excess over Vigilant's coverage. Since Vigilant's coverage limit exceeded $87,500, the District Court's ruling effectively placed the burden for the entire $87,500 on Vigilant.

On appeal, Vigilant argues that Travelers' policy is ambiguous as to whether it has lower or equal priority relative to Vigilant's policy: specifically, the main text of the Travelers policy and a subsequent endorsement (#1197) make no mention of policy priority, while a second endorsement (#0192) explicitly states that any other insurer's policy will get priority over Travelers' policy. Essex (defended by Travelers) responds that the policy is not ambiguous because Endorsement #0192 is the only provision targeting additional insureds in particular and is therefore controlling. Upon examination of the Travelers policy, we agree with Essex that the policy is not ambiguous. Endorsement #0192 is titled "OTHER INSURANCE–ADDITIONAL INSUREDS," and explicitly dictates that the Travelers policy "is excess over any of the other insurance . . . [t]hat is valid and collectible insurance available to you if you are added as an additional insured under any other policy." App. at 325. This provision explicitly subordinates the Travelers policy to the Vigilant policy, as

Essex is an additional insured under Vigilant's policy.

No other Travelers policy provision or endorsement contradicts Endorsement #0192. It is true that two other sections of the policy discussing excess insurance do not cover prioritizations of policies, but that does not create an ambiguity. Rather, we read the Travelers policy as unambiguously stating that in the specific context of additional insureds, the Travelers policy will be subordinated to other additional insured coverage. The silence of the main text and Endorsement #1197 as to policy prioritization does not undercut this clear statement, as neither of those provisions deals with additional insured coverage. Accordingly, we affirm the District Court's judgment.[2]

---

Because we find that the Travelers policy is unambiguous, the parties' argument over how to resolve any alleged ambiguity is rendered moot.